Case 2:16-cv-00427   Document 14   Filed in TXSD on 01/17/17   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
January 17, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| THABICO COMPANY, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:16-CV-427 |
| § | |
| KIEWIT OFFSHORE SERVICES, LTD., *et* § | |
| *al*, § | |
| § | |
| Defendants. § | |

## ORDER DISMISSING CLAIMS AGAINST KEIWIT AND CMF

Thabico Company (Thabico) filed this action against Kiewit Offshore Services, Ltd. (Kiewit), CMF Leasing Co. (CMF), and B.R. Crane & Equipment LLC (B.R. Crane), alleging claims for fraud, conversion, theft, and various torts arising out of a commercial transaction whereby Kiewit had contracted to sell a used crane to B.R. Crane, which was allegedly purchasing the crane for Thabico with Thabico's money, funded through intermediaries.  Before the Court is Kiewit and CMF's "Motion to Abstain or, in the Alternative, Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)" (D.E. 5). Thabico filed a response (D.E. 8) and the Court heard arguments on January 6, 2017.  For the reasons set out below, the Court GRANTS the motion and DISMISSES all of Thabico's claims against Kiewit and CMF.

### JURISDICTION

It is undisputed that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Kiewit and CMF's motion, to the extent that it requests that the Court abstain from exercising its jurisdiction, assumes that jurisdiction exists.  The parties have not

suggested that the Court must proceed to determine any question of abstention prior to the request for dismissal under Rule 12(b)(6). The Court finds that justice will be better served by considering the Rule 12(b)(6) arguments first.

## STANDARD OF REVIEW

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "Pleadings must be construed so as to do justice." Rule 8(e). The requirement that the pleader show that he is entitled to relief requires "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. Those factual allegations must then be taken as true, even if doubtful. *Id.* In other words, the pleader must make allegations that take the claim from conclusory to factual and beyond possible to plausible. *Id.*, 550 U.S. at 557. The *Twombly* court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570.

The Supreme Court, elaborating on *Twombly*, stated, "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In dismissing the claim in *Iqbal*, the Court stated, "It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." 556 U.S. at 681.

In a Federal Rule of Civil Procedure 12(b)(6) context, the Court construes the facts alleged in the complaint as true. The Court may also consider: (a) documents attached to the complaint or identified as central to the claims made therein; (b) documents attached to the motion to dismiss that are referenced in the complaint; and (c) documents that are subject to judicial notice as public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). While the parties have attached numerous documents to their motion and response, the Court finds that it is not necessary to rely on them for the decision in this case and does not do so.

## FACTS

Taking the well-pleaded facts stated in the complaint (D.E. 1) as true, and focusing on the allegations against Kiewit and CMF, it appears that Kiewit agreed to sell a used crane to B.R. Crane. In that regard, it entered into a contract with B.R. Crane, hosted an inspection of the crane at its facility, and accepted a $500,000 payment toward the $925,000 purchase price. The balance of the purchase price was never paid and the crane was never delivered to B.R. Crane or any other party. While there are no factual allegations against CMF, Thabico's counsel explained at the argument of this motion that

CMF is a wholly-owned subsidiary of Kiewit and was sued as the record owner of the crane in order to obtain full relief.

Included in the factual portion of Thabico's complaint are allegations that "Kiewit actively furthered, aided, and abetted the wrongful actions of Thabico's disloyal agents by accepting funds that it knew, or had reason to know were obtained by fraud, converted, or that funds that BR Crane and the other disloyal agents were not authorized to use for their own benefit." D.E. 1, ¶¶ 14-15.  Thabico also alleges that Kiewit knew or should have known that the funds used for the crane purchase were stolen and Thabico faults Kiewit for not investigating its claims and halting the completion of the sale.  *Id.* Nothing in the pleading states what Kiewit allegedly knew, how it supposedly came upon that knowledge, and why it should have taken any action other than what it did—proceed with an arms-length commercial transaction.

At oral argument, Kiewit stated, without contradiction, that the $500,000 that it had received was paid into the registry of the Harris County District Court in connection with a prior case filed by Thabico and Triumph Wood Product, Inc. (Triumph).  The funds remain subject to Kiewit's counterclaim against Triumph for tortious interference with a contract and its cross-claim against B.R. Crane for breach of contract.

The crux of Thabico's problem appears to be that intermediaries intended to either keep the balance of the monies Thabico had sent to fund the purchase of the crane through B.R. Crane or divert the purchase of the crane to a different buyer.  But nothing in the complaint ties Kiewit to that plan in knowledge or conduct.  As stated in *Twombly* and *Iqbal*, the Court need not take as true allegations that are conclusory or formulaic.

## DISCUSSION OF LEGAL THEORIES

Thabico has stated thirteen claims against Kiewit and CMF. Kiewit and CMF have challenged the claims for a failure to allege sufficient facts to state a claim upon which relief may be granted under Rule 12(b)(6). Thabico has taken the position that Kiewit's challenge is only based on res judicata or collateral estoppel, which is demonstrably incorrect. Furthermore, this Court need not consider those legal theories, given its holdings set out below.

Alternatively, Thabico stands on the sufficiency of its allegations, suggesting that Kiewit's arguments are improper. D.E. 8, p. 12. But the need to plead sufficient facts to render the claims plausible is a requirement of Rule 8 and *Twombly/Iqbal* and is an issue within the scope of Rule 12(b)(6), as set out above. The Court, as detailed below, finds that Thabico's allegations are insufficient to sustain any of its claims against Kiewit and CMF.

**Breach of Fiduciary Duty and Knowing Participation**. To state a claim for breach of fiduciary duty, Thabico must plead the existence of a fiduciary relationship. *E.g.*, *Priddy v. Rawson*, 282 S.W.3d 588, 599 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). An arms-length commercial transaction, alone, does not create a fiduciary relationship. *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962). Nothing in the complaint states facts to support a determination that a different relationship of trust and confidence was formed between Kiewit and Thabico. *See Meyer v. Cathey*, 167 S.W.3d 327, 331 (Tex. 2005) (requiring evidence of trust in addition to, and apart from, a commercial transaction before a fiduciary relationship may be found). Neither is there

any factual allegation to support Kiewit's knowing participation in any other party's breach of fiduciary duty. Therefore, Thabico has failed to state a claim for breach of fiduciary duty and knowing participation against Kiewit or CMF and the claims are DISMISSED.

**Common Law Fraud**. Fraud pleadings are subject to heightened specificity under Federal Rule of Civil Procedure 9(b). A fraud claim requires that the defendant make a material misrepresentation to the plaintiff. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). There are no specific factual allegations in the complaint regarding any misrepresentation to support claims of fraud against Kiewit or CMF and they are DISMISSED.

**Conversion**. Among the elements of a claim for conversion, Thabico must show that Kiewit had no lawful claim to the property and held it in a manner inconsistent with the true owner's rights. *Apple Imports, Inc. v. Koole*, 945 S.W.2d 895, 899 (Tex. App.—Austin 1997, writ denied). But Thabico's own pleading demonstrates that it intended to purchase the crane from Kiewit through its agents. Nothing in the pleading supports a conclusion that Kiewit accepted the $500,000 payment for any purpose other than to sell the crane pursuant to a contract that had been appropriately negotiated.[1] *See generally*, *Enfuro Oil Co. v. Parish & Ellison*, 834 S.W.2d 547, 549 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (property received pursuant to a contract is not subject to conversion claim). And nothing demonstrates that Kiewit even knew that the source of

---

[1] While the allegations with respect to the request for declaratory relief suggest that Kiewit accepted another $100,000 from B.R. Crane "for another piece of equipment," the allegations are devoid of any factual allegations of wrongful conduct in Kiewit's acceptance of that payment.

the funds was Thabico. The factual allegations are insufficient to support the claims of conversion against Kiewit and CMF and they are DISMISSED.

**Theft Liability Act**. This claim requires that Kiewit have unlawfully appropriated the property either without the owner's consent or with knowledge that it was stolen. Tex. Civ. Prac. & Rem. Code Ann. § 134.001 et seq. (creating a civil claim for damages resulting from theft); Tex. Penal Code Ann. § 31.03 (defining theft). The pleadings demonstrate that Kiewit obtained the $500,000 lawfully, pursuant to its contract with B.R. Crane and that the purchase of the crane was the purpose for which Thabico had released the funds. When litigation occurred, Kiewit deposited the funds in the registry of the Harris County court. The claims are DISMISSED as to Kiewit and CMF.

**Civil Conspiracy**. Thabico's primary civil conspiracy allegations are against B.R. Crane and others who have not been named as parties to this case. In the alternative, Thabico alleges that Kiewit aided and abetted the conspiracy of the others "by refusing to consider or investigate claims of fraud made by Triumph and others in time to prevent the loss of Thabico's Funds and the consequential damages suffered by Thabico . . . ." D.E. 1, ¶ 62. Thabico has not stated any facts to support the imposition of a duty on Kiewit to consider or investigate its claims of fraud. And there are no facts alleged that would support a finding that Kiewit had a meeting of the minds on an object to be accomplished or a course of action involving an unlawful act, which is necessary to a civil conspiracy claim. *See generally, Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). Consequently, any civil conspiracy claims against Kiewit and CMF are DISMISSED.

**Money Had and Received**.  In Texas, a plaintiff may recover under a claim for money had and received by showing that it paid money to the defendant, by mistake or fraud, and that the money in equity or good conscience should be returned to the plaintiff. *See Stonebridge Life Ins. Co. v. Pitts*, 236 S.W.3d 201, 207 (Tex.2007).  Thabico does not contend that Kiewit received the $500,000 payment for any reason other than as a payment pursuant to the contract for sale.  It does not allege any mistake or fraud involving Kiewit—other than impermissibly conclusory allegations.  And even if the funds had been stolen, Kiewit's receipt pursuant to the contract entered into in the due course of business, supported by consideration—absent a showing of other facts not adequately alleged here—insulates the funds from a money had and received claim. *Sinclair Houston Fed. Credit Union v. Hendricks*, 268 S.W.2d 290, 295 (Tex. App.—Galveston 1954, writ ref'd n.r.e.) (currency follows a special rule that prevents a victim from recovering it as stolen property if a third party obtained it through lawful means).  The money had and received claims against Kiewit and CMF are DISMISSED.

**Tortious Interference with Existing Contract**.  This claim requires Thabico to show that Kiewit acted willfully and intentionally to interfere in a contract to which Thabico was a party.  *Butnaru v. Ford Motor Co*., 84 S.W.3d 198, 207 (Tex. 2002).  Instead, the complaint only shows that Kiewit acted in the ordinary course of business to fulfill its contract with B.R. Crane, with no factual allegation that Kiewit was aware of any contract to which Thabico might have been a party.  Without allegations that Kiewit even knew about any Thabico contract, there is no cognizable allegation that Kiewit acted

8 / 10

affirmatively to interfere with it. The tortious interference claims against Kiewit and CMF are DISMISSED.

**Vicarious Liability BR Crane**. This count in the complaint is not directed at any claim of liability against Kiewit or CMF.

**Joint Enterprises Liability**. Like the civil conspiracy claim, Thabico alleges this claim against Kiewit in the alternative for failing to consider or investigate Thabico's claims of fraud. D.E. 1, ¶ 81. Again, the facts alleged are insufficient to support a finding of an agreement or meeting of the minds as required for a joint enterprise. *See Texas Dep't of Transp. v. Able*, 35 S.W.3d 608, 613 (Tex. 2000). Neither are there allegations of a common purpose or equal right of control. *Id*. Any claims of joint enterprise liability against Kiewit and CMF are DISMISSED.

**Constructive Trust Based on Fraud**. To assert this claim, Thabico must show breach of fiduciary duty or fraud. *Meadows v. Bierschwale*, 516 S.W.2d 125, 128 (Tex. 1974). As shown above, Thabico's complaint is insufficient to support those claims. The constructive trust claims against Kiewit and CMF are DISMISSED.

**Accounting**. An accounting is an equitable remedy that follows proof of a breach of contract or fiduciary relationship. *T.F.W. Mgmt., Inc. v. Westwood Shores Property Owners Ass'n*, 79 S.W.3d 712, 717 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). Because Thabico has failed to allege sufficient facts to support such claims, its claims for an accounting against Kiewit and CMF are DISMISSED.

**Unjust Enrichment**. A person is unjustly enriched when he obtains a benefit from another by fraud, duress, or the taking of an undue advantage. *Heldenfels Bros.,*

*Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992).  As set out above, the facts alleged with respect to Kiewit do not support a finding of fraud, duress, or undue advantage.  Keiwit accepted payment toward a contractual purchase price.  When the balance of the purchase price was not paid and litigation ensued, Kiewit deposited the funds in the registry of the court in Harris County.  Nothing in the factual allegations in the complaint show that Kiewit has been unjustly enriched.  The unjust enrichment claims against Kiewit and CMF are DISMISSED.

**Request for Declaratory Relief**.  Whether treated as a separate cause of action or as an additional remedy, a request for declaratory relief requires the statement of an underlying claim or actual controversy.  *See* 28 U.S.C. § 2201; Tex. Civ. Prac. & Rem. Code § 37.004; *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 624 (Tex. 2011).  Because Thabico has not stated a viable underlying claim, its request for declaratory relief is DISMISSED as to Kiewit and CMF.

## CONCLUSION

For the reasons set out above, the Court GRANTS the motion (D.E. 5) on the basis of the failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).  All claims Thabico asserted against Kiewit and CMF are hereby DISMISSED with prejudice.

ORDERED this 17th day of January, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE