IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THABICO COMPANY | § | CIVIL ACTION NO. 2:16-cv-00427 |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | JUDGE NELVA GONZALES RAMOS |
| | § | |
| KIEWIT OFFSHORE SERVICES, LTD., | § | |
| CMF LEASING CO., and B.R. CRANE & | § | |
| EQUIPMENT LLC | § | |
| | § | |
| *Defendants.* | § | |

### KIEWIT OFFSHORE SERVICES, INC.'S AND CMF LEASING CO.'S MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SANCTIONS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**NOW INTO COURT**, through undersigned counsel, come Defendants Kiewit Offshore

Services, Ltd. and CMF Leasing Co. (collectively "Kiewit"), who submit this Motion for Sanctions

against Plaintiff Thabico Company ("Thabico") under Rule 11 of the Federal Rules of Civil Procedure,

28 U.S.C § 1927, and the Court's inherent authority, and respectfully show as follows:

### I.       PRELIMINARY STATEMENT

This proceeding is now the third forum in which Thabico has pressed a frivolous and vexatious

complaint.  Every cause of action asserted herein against Kiewit, with the exception of three (which were

not pending at the time), has been dismissed as a matter of law by the Harris County District Court in

Houston, Texas.  Yet, Thabico has continued to try its case in different courts and unnecessarily,

unreasonably, and vexatiously multiplied these proceedings.  In doing so, it has demonstrated contempt

for the judicial process, the state and federal court system, and the defendants in this case, by continuing

to force Kiewit to incur substantial fees and costs to defend itself.  Accordingly, Kiewit requests that this Court sanction Thabico for its wrongful conduct.

## II.   <u>FACTUAL BACKGROUND</u>

This frivolous lawsuit arose out of a series of transactions that Triumph Wood Product, Inc. ("Triumph"), at Thabico's behest, entered into to purchase a crane that Thabico could use in its operations in Vietnam.  Triumph allegedly contracted with a California company, Maze Express LLC ("Maze"), to procure such a crane.  Maze in turn contracted with one or more other companies to find a crane on its behalf, and eventually one of those entities contracted with B.R. Crane & Equipment LLC ("BR Crane") to actually purchase the crane from a seller.

BR Crane contacted Kiewit in early 2015 to inquire about a Demag 2500 CC Serial No. 59010 crane ("the Crane") that Kiewit was advertising for sale.  After some negotiation, Kiewit entered into a contract to sell the Crane to BR Crane for approximately $925,000.  Kiewit did not at any point enter into an agreement with any other party to sell the Crane.  Kiewit did not know of the existence of Maze, Triumph, or Thabico, and certainly had no reason to know that Thabico was the Crane's final destination.

In accordance with BR Crane's and Kiewit's contract, BR Crane sent a down payment of $500,000 to Kiewit.  As Kiewit prepared the Crane for shipment in accordance BR Crane's instructions, Triumph principal Sonny Nguyen, for reasons then unknown to Kiewit, threatened both Kiewit and BR Crane with legal action if Kiewit followed through with the sale, and insisted that the Crane could not be shipped to BR Crane but instead should be sent directly to Triumph.  As Kiewit did not have a contract with any party other than BR Crane, Kiewit refused to do so.  Triumph's threats, however, induced BR Crane to breach its contract with Kiewit and never paid the remainder of the contract price.

A.  Triumph's Harris County Lawsuit

Because Kiewit refused to acquiesce to Mr. Nguyen's demands for Kiewit to breach its contract with BR Crane, Triumph filed a lawsuit in the District Court of Harris County, Texas, styled *Triumph Wood Product, Inc. v. Maze Express LLC, et al,* Cause No. 2015-39624 (the "Harris County Lawsuit"). *See* Verified Original Petition ("Exhibit A").  Triumph was the only plaintiff in this proceeding, but its petition made clear that it sought relief for both itself and its principal, Thabico.  *Id.*  In addition, Triumph sued Maze, individuals Thao Duong and Bang Nguyen, and BR Crane and its principal, Rahim Rajwani. *Id.*

The Harris County Lawsuit alleged a series of conspiracies on the part of every party involved in the case, and accused Kiewit of converting Triumph's funds and sought relief against it under theories of conversion and money had and received.  It also claimed that Thabico needed the Crane for a wind farm project in Vietnam, and that it risked losing that contract without the Crane.  *Id.*  On that basis, Triumph sought and obtained an injunction to maintain the status quo, forcing Kiewit to keep the Crane at its shipyard in Ingleside, Texas, incurring storage costs and losing market value of its Crane as the oil market began to sharply decline.  Only Kiewit and BR Crane have ever answered the Petition, and to this day no other party has responded to the allegations raised by Triumph and/or Thabico in any of the three fora in which this case has been litigated.

i.    *Kiewit is Forced to Defend a Meritless Motion to Dismiss*

To protect its interests created by Triumph's interference and frivolous actions, Kiewit filed a counterclaim against Triumph for tortious interference with an existing contract, namely Kiewit's contract with BR Crane.  Triumph then filed a Motion to Dismiss Kiewit's Counterclaim under the Citizen's Participation Act, claiming that its interference was justified as an expression of Triumph's

3

right to free speech under the First Amendment.  This motion was denied after full briefing and oral argument.

      *ii.*     <u>*Kiewit Prevails on Summary Judgment and the Court Dismisses Triumph's Claims*</u>

After prevailing against Triumph on the Motion to Dismiss, Kiewit then filed a motion for summary judgment on the only claims asserted against it:  conversion and money had and received.  *See* Motions for Summary Judgment ("Exhibit B").  After full briefing and oral argument on the merits, the District Court granted Kiewit's motions and dismissed these causes of action as a matter of law.  *See* Orders Granting Summary Judgment ("Exhibit C").

      *iii.*     <u>*Triumph Amends its Complaint and Adds Thabico as a Plaintiff*</u>

Immediately prior to the court's grant of summary judgment, however, Triumph filed an Amended Petition that added Thabico as a plaintiff to the Harris County Lawsuit.  *See* Triumph's Amended Petition ("Exhibit D").  The Amended Petition also added CMF Leasing Co.[1] as a defendant and asserted a slew of new causes of action against Kiewit, including, in addition to conversion and money had and received, (1) breach of fiduciary duty; (2) violations of the Texas Theft Liability Act; (3) tortious interference with existing business relations; (4) tortious interference with prospective business relations; (5) constructive trust; and (6) accounting.  *Id.*  Thabico's main allegations in the proceeding was that it had lost a contract in Vietnam on which it planned to use the Crane, it no longer had any need for the Crane itself, and that it was pursuing the damages of the lost profits on that alleged contract.  *Id.* The true intent of the Amended Petition, however, was clear—keep Kiewit (one of only two parties that ever responded to these allegations) in the case at all costs in the hopes it would extract money from Kiewit.

---

[1] CMF is a wholly-owned subsidiary of Kiewit and the record owner of the Crane.

iv.    *Court Agrees with Kiewit to Lift the Injunction*

Shortly after the District Court granted summary judgment on the original claims asserted against Kiewit, Kiewit contacted counsel for Triumph and Thabico for two specific purposes: (1) to demonstrate why each of these new causes of action had no merit whatsoever as a matter of law; and (2) that based upon Thabico's claim that it no longer needed the Crane, there was a change in circumstance that no longer supported an injunction that prohibited Kiewit from disposing of the Crane. *See* Letter to Opposing Counsel ("Exhibit E"). Accordingly, Kiewit demanded that Triumph agree to lift the injunction immediately. Triumph's and Thabico's counsel did not respond. This forced Kiewit to file a Motion to Dissolve the Temporary Injunction, which Triumph and Thabico opposed. Triumph's and Thabico's primary concern was that Kiewit maintained possession of $500,000 to which Thabico claimed entitlement. *See* Motion to Dissolve ("Exhibit F"). After full briefing and oral argument, the Motion was granted. In a show of good faith, and in an effort to aid in the disposition of this proceeding, Kiewit deposited $500,000 into the registry of the Harris County District Court, which retains jurisdiction over the funds to this day. *See* Order Granting Motion to Deposit Funds ("Exhibit G").

v.    *Thabico Nonsuits its Claims and Refiles in a New Forum, But its Claims (and Triumph's Claims) are Dismissed Anyway*

Because Triumph and Thabico continued to pursue their meritless claims, Kiewit was forced to file a Motion for Final Summary Judgment seeking dismissal of all of Triumph's and Thabico's claims. *See* Motion for Final Summary Judgment ("Exhibit H"). Rather than file any opposition or attempt to litigate the merits of their case, however, Triumph and Thabico decided to abandon the Harris County Lawsuit and nonsuited their claims on June 16, 2016. *See* Notice of Nonsuit ("Exhibit I"). However, on July 22, 2016, the Harris County District Court granted Kiewit's Motion for Final Summary Judgment, dismissing both Triumph's and Thabico's claims as a matter of law. *See* Order Granting Final Summary Judgment ("Exhibit J").

B.  The Nueces County Lawsuit

After no longer being a party to the Harris County Lawsuit, Thabico's next stop in this litigation was in the Nueces County District Court, where it filed suit against Kiewit, B.R. Crane, and all previously-pled defendants ("the Nueces County Lawsuit").  *See* Nueces County Petition ("Exhibit K"). Missing from that lawsuit was Triumph, obviously because it would have been forced to return to Harris County under the compulsory counterclaim rule.

However, in Thabico's unsuccessful rush to avoid final judgment in Harris County, it filed a new proceeding  apparently without undertaking any investigation into the location of Kiewit's yard in Ingleside, Texas.  Had it done so, Thabico would have discovered that Kiewit's yard, which served as the entire basis for venue in Nueces County, was actually located in San Patricio County.

Regardless, Thabico's lack of due diligence resulted in Thabico filing a lawsuit in a forum that was improper.  This forced Kiewit to incur additional attorneys' fees to prepare and file a Motion to Transfer Venue.  *See* Motion to Transfer Venue ("Exhibit L").  A hearing on that issue was set for November 7, 2016.

C.  Southern District of Texas Lawsuit

On the day Thabico was obligated to respond to Kiewit's Motion to Transfer Venue, Thabico instead nonsuited its case once again.  *See* Second Notice of Nonsuit ("Exhibit M").  Rather than refiling in a state court of proper venue, however, Thabico chose instead to file a third case in the Southern District of Texas.  The aim of this was clear—to avoid a situation in which a state court would transfer venue back to Harris County, where it made most sense to do so.  Thus, Thabico has forced Kiewit to incur additional attorneys' fees chasing it from one forum to the next to achieve a final resolution in this case.

Thabico's Complaint in this Court can be broken down as follows:  it alleges nine (9) causes of action against Kiewit, as well as one request for declaratory relief.  Of those causes of action, seven (7) were previously dismissed by the Harris County District Court in an order granting final summary judgment. Exhibit J.  Of those seven, two (2) were also dismissed with respect to Triumph on the exact same facts, issues, and law.  Exhibit C.  All seven were dismissed for the same reason—they were lacking any basis whatsoever in fact or law.  Of the remaining two, one—fraud—violates the federal pleadings rules, and the other—unjust enrichment—is so patently false (and the direct result of Thabico's agent's own doing) that it is frivolous.

Moreover, Thabico has removed several defendants from this case in this latest iteration of its lawsuit, but continues to assert that those defendants acted wrongfully in its recitation of facts and its causes of action.  These are necessary parties to the lawsuit, and Thabico has left them out for no apparent reason other than to try to increase the possible exposure of Kiewit and BR Crane.

Accordingly, due to Thabico's repeated contempt for the law and facts that should have fully and finally resolved this matter multiple times, Kiewit requests sanctions for the attorneys' fees it has incurred in defending itself in this lawsuit.

### III.   <u>LEGAL STANDARD</u>

By signing a pleading and presenting it to the Court, "an attorney . . . certifies that to the best of the persons knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

Fed. R. Civ. P. 11.  Parties found to have violated this rule **must** have sanctions imposed upon them by the court.  *Id.* at 11(c)(1); *Spiller v. Ella Smithers Geriatric Center,* 919 F.2d 339 (5th Cir. 1990) ("Rule 11 does not provide any 'free passes' to litigants who violate its mandate.").  In determining whether a party has violated Rule 11, courts use an objective standard, "looking to the state of affairs at the time the filing was signed."  *Marceaux cv. Lafayette City-Parish Consol. Government,* 614 Fed.Appx. 705, 708 (5th Cir. 2015).

Factors that courts consider when determining if a violation occurred include (1) how much time the party or attorney had to investigate the claims; (2) the extent to which the attorney relied on the client for information; (3) the feasibility of investigation; and (4) the complexity of the case, among others.  *Id.* at 708-09 (citing *Thomas v. Capital Sec. Servs., Inc.* 836 F.2d 866, 875 (5th Cir. 1998)).  With respect to whether parties have made a reasonable inquiry into the law, district courts consider (1) the time available to the attorney to prepare the document; (2) the plausibility of the legal view contained in the document; (3) the pro se status of a litigant; and (4) the complexity of the legal and factual issues raised.  *Thomas*, 836 F.2d at 875-76.  Pleading causes of action that are subject to res judicata or collateral estoppel constitute a violation of Rule 11.  *See Uithoven v. U.S. Army Corps of Engineers,* 884 F.2d 844 (5th Cir. 1989); *Fermin v. National Home Life Assurance Co.*, 15 F.3d 180 (5th Cir. 1994).  So, too, do causes of action that are legally deficient on their face.  *Marceaux,* 614 Fed.Appx. at 709.

Moreover, 28 U.S.C. § 1927 authorizes, independently of Rule 11, sanctions in the event that any attorney or person "multiplies the proceedings in any case unreasonably and vexatiously."  Vexatious is

defined as conduct that is "without reasonable or without probable cause or excuse; harassing; annoying." Vexatious, BLACK'S LAW DICTIONARY (10th ed. 2014). Finally, the Court has its own inherent power to sanction parties who abuse the courts to suit illegitimate purposes. *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991). While such power should be exercised with restraint, a court acts within its discretion "to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44.

Thabico's actions are sanctionable under Rule 11, 28 U.S.C. § 1927, and the Court's inherent authority. Its Complaint alleges causes of action that are barred by res judicata and collateral estoppel, and pleads other causes of action that do not even come remotely close to satisfying the pleading standards under the Federal Rules of Civil Procedure. Further, by taking a case all the way to its conclusion, then filing in another (wrong) jurisdiction, then again filing in a third jurisdiction to avoid the case being sent back to its county of origin, Thabico and its counsel have vexatiously forum shopped exclusively for the purpose of avoiding judgment that has already been rendered and to unnecessarily prolong these proceedings at the expense of Kiewit's continually rising attorneys' fees and costs.

## IV.   ARGUMENT

### A.   Thabico Had Adequate Time to Examine the Legal and Factual Merits of its Complaint

As an initial matter, there can be no question that Thabico had an adequate period of time to examine the legal and factual basis of its Complaint. Thabico's agent (Triumph) first filed this lawsuit more than 17 months ago. And although the factual background and causes of action have become slightly more intricate with each amended petition and newly-filed lawsuit, the primary story of this lawsuit has always been the same. Thabico was not under any immediate deadline to file its Complaint, nor did it have any reason that could foreclose its duty to examine the factual and legal basis of its allegations over the last year and a half. Thus, this factor weighs heavily in favor of sanctions.

B.  Thabico Knows that its Legal Views are Implausible

Thabico cannot prevail in its claims.  There is no doubt that Thabico knows this.  In fact, it has been told as much by the Harris County District Court.  Not only does this bar the lion's share of Thabico's claims by res judicata and collateral estoppel, but it provides instruction to Thabico that its attempt to turn this case from a simple commercial transaction into a tangled web of fiduciary duties and tortious conduct is without any merit whatsoever.  Thabico, however, continues to ignore the merits of its proceeding, opting instead to continue filing in multiple fora, forcing Kiewit to run up additional attorneys' fees fighting the same meritless lawsuit again and again.

i.  *All of Thabico's Claims are Barred by Res Judicata*

The Harris County District Court has entered a final summary judgment against Thabico on its claims against Kiewit for (1) breach of fiduciary duty; (2) conversion; (3) violations of the Texas Theft Liability Act; (4) money had and received; (5) tortious interference; (6) constructive trust; and (7) accounting.  Exhibit J.  Thabico has brought all of these causes of action, again, in this Court, hoping for a different result.  This is not permissible.  The rule of res judicata provides that final judgments on the merits have a preclusive effect, and those claims cannot be litigated again in a different court.  *Comer v. Murphy Oil USA, Inc.,* 718 F.3d 460 (5th Cir. 2013).  This applies not only to claims that were brought in the lawsuit, but all issues that "could have been raised."  *Oreck Direct, LLC v. Dyson, Inc.,* 560 F.3d 398 (5th Cir. 2009).  In order to bar a claim under res judicata, a defendant must prove the following: (1) the parties are identical (or in privity); (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same claim or cause of action is involved in both cases. *Id.* (citing *In re Ark-La-Tex Timber Co.,* 482 F.3d 319, 330 (5th Cir. 2007)).

With respect to claims that could have been brought in a previous proceeding, the Fifth Circuit employs a "transactional test," under which claims not brought in a prior proceeding can be barred by

res judicata if the claims are based on the same "nucleus of operative facts." *Id.* This requires examining "whether the facts are related in time, space, origin, or motivation; whether they form a convenient trial unit; and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* (citing *Davis v. Dallas Area Rapid Transit,* 383 F.3d 303, 313 (5th Cir. 2004)).

In this case, the parties are identical—Thabico sued Kiewit in both the Harris County Lawsuit and the current case. A court of competent jurisdiction—the Harris County District Court—dismissed all of Thabico's claims, (1) breach of fiduciary duty; (2) conversion; (3) violations of the Texas Theft Liability Act; (4) money had and received; (5) tortious interference; (6) constructive trust; and (7) accounting; on final summary judgment. Exhibit J. These are all causes of action that Thabico has now pled against Kiewit in the instant case. They are barred by res judicata.

Moreover, the additional causes of action in this lawsuit—fraud, unjust enrichment, and the request for declaratory relief—all arise out of the same transaction as the original lawsuit. Thus, they should have been brought in the original Harris County Lawsuit, and those claims are now barred by res judicata as well. Thabico, as a party to the Harris County Lawsuit, knows full well that its claims have been barred, but continues to pursue them anyway.

ii.    *Thabico's Old Claims are Barred by Collateral Estoppel*

In addition to being barred by res judicata, Thabico's claims of conversion and money had and received are also barred by collateral estoppel. A related doctrine, collateral estoppel is colloquially referred to as "issue preclusion," and stands for the proposition that a different party cannot relitigate the same issues of law and fact that have already been adjudicated by another court. *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322 (1979). This applies to cases where "(1) the facts sought to be litigated in the second suit were fully and fairly litigated in the prior action; (2) those facts were essential to the

11

judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Jones v. City of Houston,* 907 S.W.2d 871, 874 (Tex. App.—Houston [1st Dist.] 1995, writ denied).[2]  This can be proven by providing both the prior judgment and pleadings from a prior suit.  *Id.* (citing *Traweek v. Larkin,* 708 S.W.2d 560, 562 (Tex. App.—Corpus Christi 1990, no writ.)).

By virtue of its definition, any claim barred by res judicata is also barred by collateral estoppel. This means that all of the seven (7) old causes of action against Kiewit discussed above with respect to res judicata can also be barred under collateral estoppel.  However, Kiewit brings to the Court's attention two causes of action that have already been ruled upon and dismissed with finality by the Harris County District Court with respect to Triumph:  conversion and money had and received.  A comparison of the Harris County Lawsuit and the Complaint in this case demonstrates in plain language that Thabico's counts of conversion and money had and received are based on the exact same facts and exact same legal theories as Triumph's original filing.  In fact, the entire basis of Triumph's causes of action in the Harris County Lawsuit was to collect alleged damages in its capacity as an agent of Thabico.  Apart from some different wording, there is no difference whatsoever in the factual allegations or the legal recitations. More importantly, however, the court found that, as a matter of law and undisputed fact, Kiewit did not convert any funds, nor was it liable for money had and received.  Thabico knows full well that any attempt to relitigate this issue is barred, yet presses forward with this suit regardless.  This is sanctionable conduct.

     *iii.*  <u>*Thabico's Old Claims Fail as a Matter of Law*</u>

It should not be lost in the discussion of Thabico's conduct that the claims discussed above were dismissed because they had absolutely no basis in fact or law.  This has not changed.

  (1) **Breach of Fiduciary Duty –** Thabico states in conclusory fashion that a fiduciary duty existed between Thabico and Kiewit, as well as other actors not named as defendants.

---

[2] Because the Harris County Lawsuit was a state court action, the Fifth Circuit instructs that Texas law regarding collateral estoppel, rather than federal law, applies to this dispute.  *See Hicks v. Quaker Oats Co.,* 662 F.2d 1158, 1165 (5th Cir. 1981).

However, a fiduciary duty is an extraordinary duty which will not be lightly created. *Areda v. S-W- Transp., Inc.*, 365 S.W.3d 838 (Tex. App.—Dallas 2012, no pet.). It cannot be created by fiat. It arises either in the context of a formal relationship described at law or in an informal moral, social, domestic, or purely personal relationship. *Meyer v. Cathey,* 167 S.W.3d 327 (Tex. 2005). As Kiewit had no relationship with Thabico before this specific business transaction (and Thabico never alleges one), a fiduciary duty cannot exist based upon Thabico's Complaint.

(2) **Conversion –** Notwithstanding the fact that the Harris County District Court dismissed Thabico's (and Triumph's) conversion claims twice as a matter of law, Thabico indicates in its pleadings that Kiewit only entered into a simple commercial transaction to sell a crane.[3] Thabico would have this Court, as it tried (and failed) with previous courts, find Kiewit liable for a tort for attempting to fulfill its obligations under this transaction. When Triumph paid funds to BR Crane, it expected not to receive them in return, but a crane. Thus, it no longer had any entitlement or ownership of the funds and Thabico cannot meet, on the face of its pleading, a cause of action for conversion.

(3) **Money Had & Received –** Similar to Thabico's claim for conversion, this exact cause of action has been dismissed with respect to Kiewit twice. Moreover, by Thabico's own admission in its pleadings, Thabico's funds were "converted for their own selfish benefit" by Maze and BR Crane. "One who receives money which has been illegally obtained by a third party in due course of business, in good faith, and for valuable considerations, can keep it without liability to him from whom it was stolen." *Sinclair Houston Fed. Credit Union v. Hendricks,* 268 S.W.2d 290, 295 (Tex. App.—Galveston 1954, writ ref'd. n.r.e.); *Tri-State Chemicals, Inc. v. Western Organics, Inc.,* 83 S.W.3d 189, 195 (Tex. App.—Amarillo 2002, pet. denied). As Kiewit was selling a crane in its usual course of business, in an agreement with BR Crane which it entered in good faith,[4] Kiewit cannot be liable for money had & received.

(4) **Texas Theft Liability Act –** A violation of the Texas Theft Liability act is essentially conversion plus intent. *See Wellogix, Inc. v. Acenture, LLP*, 788 F. Supp. 523 (S.D. Tex. 2011). Thus, because Thabico's claim for conversion fails, its TTLA claim must also fail, and for the same reasons. Moreover, Thabico's statement that "Kiewit [continues] to exercise exclusive use and control over Thabico Funds in its possession," is completely false. The funds in question are currently within the registry of the Harris County District Court, deposited there shortly after the court lifted Triumph's Temporary Injunction, which had until that point prevented Kiewit from doing

---

[3] This agreement was between Kiewit and BR Crane. Thabico, contrary to its claims in its Complaint, did not ever enter into any agreement with Kiewit, and nor did its agent, Triumph. In fact, Triumph pled in its Verified Original Petition in the Harris County Lawsuit, in great detail, that it entered into a "SALES CONTRACT" with Maze Express LLC, and that Kiewit's contract was only with BR Crane. Exhibit A. The Harris County District Court relied upon these statements and entered a Temporary Restraining Order in Triumph's favor as a result of Triumph's statements. Exhibit A. Accordingly, Thabico, as the principal of Triumph, is judicially estopped from pleading a different version of events. *Love v. Tyson Foods,* 677 F.3d 2580 (5th Cir. 2012). Even taking Thabico's plainly false statement as true, however, its claim for conversion still fails.

[4] Thabico claims in conclusory fashion that Kiewit "knew or should have known" that the funds used by BR Crane to purchase the crane in question were "stolen," but provides no facts whatsoever to support that conclusion.

anything with the funds whatsoever.  Thabico obviously knows this and continues to push this frivolous count regardless.

(5) **Tortious Interference –** Kiewit has filed sworn statements, uncontroverted by Thabico, that it did not have any knowledge of Thabico's existence at all, let alone that Thabico was the final destination of the crane.  Moreover, Kiewit had an agreement with BR Crane, as admitted by Thabico, to deliver a crane in exchange for money. Kiewit was attempting to fulfill this agreement, which should have resulted in Thabico ultimately receiving the crane, when Thabico's agent Triumph obtained a Temporary Injunction that prevented Kiewit from doing anything with the crane, and the funds, at all.  Thus, any contracts lost as a result of Thabico not having the crane was the result of its own actions.

(6) **Constructive Trust –** A constructive trust requires the breach of a special trust, fiduciary relationship, or actual fraud.  As explained above, no cause of action involving a fiduciary duty or fraud can be sustained against Kiewit.  Thus, this claim fails as a matter of law.

(7) **Accounting –** Accounting is only an appropriate equitable remedy when the facts and accounts presented are so complex that adequate relief may not be obtained at law. *T.F.W. Mgmt., Inc. v. Westwood Shores Property Owners Ass'n.,* 79 S.W.3d 712 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).  This is squarely at odds with the idea that Thabico has "traced" specific "funds."  There is no reason why a court could theoretically provide an adequate remedy if Thabico were entitled to one.  Moreover, accounting is only available in the presence of a contractual or fiduciary relationship. *Id.* at 712.  Pleading accounting in this context is frivolous.

iv.     *Thabico's New Fraud Claim Against Kiewit Violates FRCP 9*

Federal Rule of Civil Procedure 9(b) requires that, in alleging fraud, "a party must state with particularity the circumstances constituting fraud . . . ."  This requires pleading the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [the person] obtained thereby." *Hill v. Hunt,* Case No. 07-CV-2020-O, 2010 WL 54756 (N.D. Tex. Jan. 4, 2010) (citing *Williams v. WMX Technologies, Inc.,* 112 F.3d 175, 177 (5th Cir. 1997)).  This rule also applies to claims of "aiding and abetting fraud." *Id.*

Thabico's only allegation against Kiewit for fraud is that Kiewit "aided and abetted."  Kiewit is not mentioned in any other context regarding the alleged fraud.  In its pleading, however, Thabico made no effort to recite any of the Fifth Circuit's requirements in its allegation that Kiewit "aided and abetted"

fraud.  Thabico lists a laundry list of bad actors—most of whom are not named in this new lawsuit at all—but never once alleges that Kiewit took part in any fraudulent action.

Thabico does not name any allegedly false representation at all, let alone list the contents of the alleged misrepresentation, or what Kiewit allegedly obtained.  This is analogous to the facts of *Hunt*, in which the plaintiff made specific allegations of fraud against other defendants, but failed to state in any way how the defendant at issue committed any fraudulent act.  2010 WL 54756, at *4.  The court in *Hunt* dismissed the fraud allegations against the plaintiff as a result, and the same result should apply here.  *Id.*  Thabico has failed to make a good faith effort to follow the Rules of Civil Procedure—rather, it has just tacked Kiewit's name onto a new allegation for which there is no basis whatsoever.

*v.*   *Thabico's New Unjust Enrichment Claim is Frivolous*

Similar to the cause of action for money had & received, it is frivolous for Thabico to falsely claim that Kiewit has somehow used, accepted, and enjoyed the benefits of Thabico's funds.  For one, Kiewit did not do anything with the funds it received from BR Crane because it was enjoined from doing so by Triumph.  For another, as soon as that injunction was lifted, Kiewit deposited the funds in the Harris County District Court Registry to aid the resolution of the dispute and allow the funds to be dispersed to whomever the court ruled was entitled to them.  The only party keeping that resolution from occurring is Thabico, which has dragged this litigation out endlessly by filing multiple complaints in multiple fora.  To claim that Kiewit has been somehow enriched by the events leading to this lawsuit is frivolous, and Thabico cannot prevail on this cause of action.

C.  Thabico's Complaint Violates Rule 11

All of the actions described above satisfy the factors necessary to find a Rule 11 violation.  First, as stated above, Thabico had plenty of time to review the facts and law involving this case.  Second, all of Thabico's legal views are implausible.  Thabico is not proceeding pro se, but is proceeding with the

assistance of the same counsel it has had since its agent, Triumph, first filed its Petition in the Harris County Lawsuit.  These issues are not complex, but arise out of a simple commercial transaction that is only made more complicated by Thabico's attempts to plead increasingly scandalous claims.  The record demonstrates that Thabico knew of the implausibility of its actions but proceeded in spite of that knowledge.  Moreover, it is patently obvious from the timing of Thabico's Complaint that it was filed with the purpose of forum shopping, hoping to find a more favorable result in a different court than the ones it had been afforded thus far.  All of these factors indicate that this filing was not brought with proper purpose, but instead was filed in violation of Rule 11.  *Thomas*, 836 F.2d at 875-76.  Sanctions are warranted.

### D.  Thabico's Behavior is Sanctionable under 28 U.S.C. § 1927

There is no question that Thabico has unnecessarily multiplied these proceedings.  This is now the third iteration of this lawsuit in as many different fora, one of which was litigated to its conclusion before Thabico left Harris County and filed in another (improper) forum.  This was further done to harass Kiewit, one of the only defendants who has actually responded to the underlying allegations in these lawsuits, and increase the attorneys' fees incurred in the hope of forcing Kiewit into a settlement.  These actions qualify as vexatious, and authorize sanctions under 28 U.S.C. § 1927.

### E.  Thabico's Behavior is Sanctionable Under the Court's Inherent Authority

Alternatively, this case is ripe for sanctions under the Court's inherent power to prevent abuse of the judicial process.  Carrying out a case to its conclusion, only to non-suit at the last minute to avoid an adverse finding, and then to seek out a more friendly forum on two different occasions, is an abuse of the judicial system and a demonstration of contempt for the court and other litigants.  While courts are cautioned to exercise their inherent authority with restraint, the Supreme Court has authorized courts "to fashion an appropriate sanction for conduct which abuses the judicial process."  *Nasco,* 501 U.S. at

16

44.   Kiewit respectfully submits that any sanction imposed by this Court should be no less than all attorneys' fees and costs associated with defending and dismissing this litigation, inlcuding preparing this motion, so that Kiewit is made whole as a result of Thabico's wrongful conduct.

## V.   <u>CONCLUSION</u>

Thabico has used this Court as a tool to continue to needlessly prolong litigation that it knows does not have any basis in fact or law.  In fact, it has been told as much by another court, but proceeds in contempt of that court's ruling.  Thabico cannot continue this behavior and must be sanctioned appropriately to ensure that this type of gamesmanship from Thabico does not continue.

Accordingly, Kiewit respectfully requests that this Court sanction Thabico for its conduct in an amount no less than all fees and costs incurred by Kiewit in defending this lawsuit, as well as all costs related to the preparation of this motion, and award all other relief to which Kiewit is respectfully entitled.

Respectfully submitted,

BLAND & PARTNERS P.L.L.C.

*/s/ David S. Bland*
DAVID S. BLAND
Attorney-in-Charge
Texas Bar No. 00789021
SDTX Bar No. 32550
dbland@blandpartners.com
ROBERT P. VINING
Texas Bar No. 24049870
SDTX Bar No. 38570
rvining@blandpartners.com
JACK E. BYROM
Texas Bar No. 24082763
SDTX Bar No. 2406693
jbyrom@blandpartners.com
1717 St. James Place, Suite 360
Houston, Texas 77056
Telephone: (713) 627-7100
Facsimile: (713) 627-7148

*Attorneys for Kiewit Offshore Services, Ltd. and CMF Leasing Co.*

## CERTIFICATE OF RULE 11 COMPLIANCE

I hereby certify that, pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, a copy of this Memorandum in Support of Kiewit's Motion for Sanctions was forwarded to counsel for Plaintiff, Michael Lee and Eric Fryar, in this matter on December 14, 2016, with a letter stating as follows:

> Pursuant to Federal Rule of Civil Procedure 11(c)(2), attached is a service copy of Defendants Kiewit Offshore Services, Ltd.'s and CMF Leasing Co.'s Motion for Sanctions. We demand that Thabico Company dismiss its Complaint, Civil Action 16-00427, within 21 days of this correspondence. If you refuse to do so, then we will be forced to file the attached Motion for Sanctions with the Court.

*/s/ David S. Bland*
David S. Bland

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record through the Court's Case Management Electronic Case Files' electronic filing system on this 17th day of February, 2017.

*/s/ David S. Bland*
David S. Bland

19