UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THABICO COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-427 |
| | § | |
| KIEWIT OFFSHORE SERVICES, LTD., *et* | § | |
| *al*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER GRANTING SANCTIONS</u>

Plaintiff, Thabico Company (Thabico), sued Defendants, Kiewit Offshore Services, Ltd. and CMF Leasing Co. (jointly Kiewit), alleging multiple theories of liability related to a commercial transaction in which Kiewit had agreed to sell a crane to B.R. Crane & Equipment LLC (BR Crane), also a Defendant. The crane was allegedly being procured by a number of intermediaries on behalf of Thabico. The sale went awry when Thabico became suspicious that some of its intermediaries were disloyal and intended to deprive Thabico of both its purchase money and the crane. The Court dismissed the claims against Kiewit pursuant to Federal Rule of Civil Procedure 12(b)(6) because there were insufficient allegations that Kiewit was a part of any wrongdoing. Now before the Court is Kiewit's motion for sanctions (D.E. 29) and Thabico's corrected response (D.E. 33). For the reasons set out below, the Court GRANTS the motion.

## DISCUSSION

### A. Facts and Procedural History

As noted, Thabico has not supplied any factual basis on which a fact finder could interpret Kiewit's negotiation and execution of a contract to sell its crane to BR Crane, along with its acceptance of a partial payment on that contract, as anything more than an arm's length transaction. Ordinarily, the lack of a factual basis for a claim is adequately remedied by a Rule 12(b)(6) dismissal. Here, however, there are extenuating circumstances that warrant sanctions:

- A state court's prior dismissal of similar claims, negating the merits of the allegations;

- Ratcheting up claims against Kiewit without any new evidence;

- Persisting against Kiewit after the crane and the monies related to the purchase were already secured;

- Forum shopping involving two state trial courts and this Court;

- Filing without proper vetting of venue facts; and

- Filing three successive meritless cases against Kiewit.

Each of these issues is discussed in more detail below.

**Merits tested and failed**. Thabico's loyal intermediary, Triumph, using the same attorney as has appeared on behalf of Thabico in this case, filed related litigation complaining of Kiewit's role in the same transaction in *Triumph Wood Product, Inc. v. Maze Express LLC, et al*, No. 2015-39624 in the 215th Judicial District Court of Harris County, Texas. D.E. 29-1. While initially alleging only conversion and money had and received against Kiewit, Triumph had an opportunity, but failed to raise a disputed issue

of material fact that Kiewit's involvement in the transaction was anything other than as a good faith arms-length seller. *See* D.E. 29-1 (Harris County petition); D.E. 29-3 (Harris County partial summary judgments in favor of Kiewit on both claims). This summary judgment proceeding provided Triumph and Thabico with every incentive to discern and develop facts that might implicate Kiewit in wrongdoing with respect to the crane transaction. Clearly, no such facts were submitted to controvert the two partial summary judgments requested.

After those two partial summary judgment motions were granted, Thabico joined the Triumph lawsuit, naming additional Defendants and asserting additional causes of action against the new Defendants and Kiewit. Kiewit provided notice to Thabico that the new claims against it were frivolous and that it would seek their dismissal if the claims were not voluntarily dismissed. D.E. 29-5. Kiewit further sought the voluntary dissolution of the temporary injunction by which Kiewit's effort to sell the crane was enjoined, noting that Thabico and Triumph no longer sought possession of the crane. *Id*. Thabico and Triumph refused.

Kiewit thus had to seek a summary judgment dismissing those claims and an order dissolving the injunction. D.E. 29-8, 29-9. Thabico only then filed a nonsuit dismissing its claims—only to refile them in another court. D.E. 29-10, 29-11. While the parties dispute the Harris County court's jurisdiction to proceed and the preclusive effect of any subsequent summary judgment order dismissing the remaining claims issued by that court (a matter this Court need not and does not decide), it is undeniable that those

proceedings provided Thabico with every incentive and opportunity to determine whether

the claims asserted against Kiewit had any merit and to prove it if they did.

It is thus disingenuous for Thabico, now, to suggest that their claims have merit or

that additional evidence would be found if discovery were permitted. Pursuant to Texas

procedure, had Triumph needed additional discovery before responding to the summary

judgments, that issue should have been raised and addressed at that time. *See* Tex. R.

Civ. P. 166a(g). Thus, Thabico knew or should have known that there were no viable

claims against Kiewit as a result of the initial dispositions in the Harris County case.

**Ratcheting Up Claims**. Thabico now contends that much more serious

allegations of wrongdoing against Kiewit should be considered, with no better facts than

were present in the Harris County summary judgment proceedings. Thabico defends its

allegations against Kiewit as follows:

> Specifically, each claims [sic] was thoroughly researched and
> reviewed by multiple attorneys with outstanding credentials.
> Each factual contention in the complaint has evidentiary
> support from the client in the form of sworn testimony and
> documentary support. [sic] or would likely have even more
> evidentiary support had Kiewit allowed discovery to take
> place. Before imposing sanctions, a court must determine
> whether the party or the attorney made a reasonable inquiry
> into the facts or law before signing and presenting the
> document.

D.E. 33, p. 15 (citations and paragraph numbers omitted). Thabico has not pled plausible

facts and has not produced any evidence that Kiewit engaged in any wrongdoing, much

less in acting as a fiduciary or conspiring with, or entering into a joint venture with,

Thabico's disloyal intermediaries. Nothing in Thabico's prosecution of its claims reveals

the slightest hint of a motivation or opportunity for Kiewit to do anything but sell the crane at a fair market price. Anything more is a baseless accusation.

Nevertheless, over time, Thabico's allegations against Kiewit have become more serious. In the original Triumph petition, the only claims against Kiewit were conversion and money had and received. D.E. 29-1. When Thabico joined the Triumph lawsuit, the plaintiffs added claims for breach of fiduciary duty, tortious interference with existing contract, tortious interference with prospective relations, vicarious liability, joint enterprise, and constructive trust based on fraud. *See* D.E. 29-4. In the Nueces County litigation, Thabico dropped the tortious interference with prospective relations claim, but added alter ego and unjust enrichment theories. D.E. 29-11. In this action, Thabico dropped the alter ego theory, but also dropped the disloyal intermediaries, making Kiewit and BR Crane the only Defendants—giving every appearance of targeting the deep pockets—with no additional facts against Kiewit to go on. D.E. 1 (complaint filed October 11, 2016).

**Persisting after crane and funds were secured**. Part of Thabico's defense against sanctions is:

> This Court should not impose sanctions against Thabico or its counsel because we made a reasonable inquiry into the facts or law before filing the Complaint in light of the imminent shipment of the Crane purchased with our client's funds to India and beyond the jurisdiction of US courts around the world.

D.E. 33, p. 15 (citations and paragraph numbers omitted). This defense of Thabico's aggressive litigation tactics is specious.

Thabico's increasingly aggressive pursuit of Kiewit has taken place after Thabico obtained its injunction preventing Kiewit from selling or otherwise disposing of the crane and even after Thabico had no further need for the crane. In its amended petition in the Harris County action, filed April 22, 2016, Thabico abandoned any claim to the crane and substituted a damages action and complaints for the lost profits from the canceled contract for which the crane had previously been sought. D.E. 29-4. Kiewit's motion to dissolve the Harris County court's injunction was filed May 18, 2016, reciting Thabico and Triumph's pleading relinquishing their in rem claims to the crane—and Thabico opposed that relief. *See* D.E. 26-6. Given that the emergency had already ended when Thabico asserted greater and greater wrongdoing against Kiewit, the Court is unsympathetic to any assertion that vetting of its claims was impaired by the imminent transfer of the crane.

Furthermore, Thabico filed its claim in this case targeting only Kiewit and BR Crane on October 11, 2016. At that time, Kiewit had already tendered into the registry of the Harris County court the partial purchase money funds it had received for the crane. D.E. 14, p. 4 (observing that it was undisputed that the funds were in the registry of the court in Harris County); D.E. 29-7 (Kiewit's unopposed motion to deposit funds into the registry of the court, filed June 24, 2016). Thus Thabico had already achieved its purpose to prevent an alternate disposition of the crane and to secure the funds it had advanced toward the purchase. There was no urgency preventing Thabico from properly considering its allegations against Kiewit before each filing. Even after the urgency

ended, Thabico's unwillingness to release the crane inflicted additional harm on Kiewit because it incurred costs to maintain the crane and suffered a decline in its marketability.

**Forum shopping**. Thabico has offered no reasoning for its nonsuit of the Harris County case on June 16, 2016 (D.E. 8-12) and refiling of the case in Nueces County on the same day. D.E. 29-11. The pleading added no new Defendants, as all of the alleged intermediaries had previously been joined in the Harris County action through Thabico and Triumph's amended complaint. As Kiewit points out, the Harris County court's partial summary judgments in favor of Kiewit had made it clear that that court did not credit Triumph and Thabico's complaints against Kiewit. Thabico's inclusion of the conversion and money had and received claims in its subsequent pleadings demonstrates that it sought another—new—bite at those apples in a new court. Without anything to controvert the appearance of forum shopping, the Court can reach no other conclusion.

**Failing to vet venue facts**. Thabico's pleading that venue was proper in Nueces County was predicated upon the location of Kiewit's principal office and the place where the events occurred—Kiewit's yard holding the crane at issue. D.E. 29-11. Kiewit sought transfer of the action because it has no office in Nueces County and its yard is located in San Patricio County. D.E. 29-12.

Rather than contest these issues and risk transfer to Harris County under a forum non conveniens analysis, Thabico chose to nonsuit the Nueces County case. D.E. 29-13. Thabico offers no explanation for its choice of Nueces County or its allegations regarding Kiewit's business locations. This apparent failure to ascertain appropriate venue facts required Kiewit to appear, answer, and move to transfer the case. It is axiomatic that

there are costs involved in defending against litigation. This errant step into Nueces County caused those costs to be incurred for naught.

**Three successive meritless cases**. Thus Kiewit has been forced to defend against Triumph and Thabico's baseless allegations in three separate cases filed in three separate venues. As Kiewit successfully defended the Harris County case, Thabico nonsuited its claims. After Kiewit challenged venue in the Nueces County case, Thabico nonsuited its claims. And in this case, Kiewit had to file a motion to dismiss because the pleadings were insufficient to demonstrate the plausibility of Thabico's claims. Thabico even sought to amend its complaint (after expiration of the time in which it could do so without leave of court) and moot Kiewit's motion to dismiss—a move that would have perpetuated the moving target tactic. Kiewit has surely incurred substantial defense costs—all because it had the misfortune of negotiating the sale of a crane to a Thabico intermediary that Thabico subsequently came to suspect in a scheme to divert the procurement of the crane to a different buyer.

## B. 28 U.S.C. § 1927

The Court may award sanctions against a party and/or counsel under several authorities and Kiewit has cited to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent powers. The Court first considers 28 U.S.C. § 1927, which states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally

the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

On its face, this section applies only to the conduct of attorneys and those admitted to practice before the courts.

It is clear that sanctions may not be assessed against a represented party under this provision. *E.g, Procter & Gamble Co. v. Amway Corp*., 280 F.3d 519, 525 (5th Cir. 2002). Yet Kiewit's motion seeks sanctions only against Thabico and not its counsel. Therefore, no sanctions are awarded on Kiewit's motion under this authority.

## C. Inherent Power

There is no such limitation on a court's inherent power. "[A] court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc*., 501 U.S. 32, 45–46 (1991) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–259 (1975) and *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co*., 417 U.S. 116, 129 (1974)). Rejecting an argument to impose limits on the inherent power commensurate with other statutes and rules dealing with sanctions, the Supreme Court responded: "[W]hereas each of the other mechanisms reaches only certain individuals or conduct, the inherent power extends to a full range of litigation abuses." *Chambers*, 501 U.S. at 46.

So while the Court's inherent power parallels the provisions of Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, those provisions do not repeal or modify the court's inherent power to address litigation abuse. *See, Chambers*, 501 U.S. at 48–49 (quoting *Zaldivar v. Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986)). It is within the

Court's inherent power to assess attorney's fees or other sanctions for conduct taken in bad faith. *Chambers*, 501 U.S. at 45-46, 49. The Court finds that Thabico's conduct, outlined above, reflects bad faith in pursuing frivolous claims, vexatiously multiplying the proceedings, inflicting unnecessary defense costs on Kiewit, and needlessly delaying the resolution of the claims. The Court GRANTS sanctions against Thabico pursuant to its inherent power.

### D. Rule 11

Pursuant to Federal Rule of Civil Procedure 11, sanctions may issue against a party or its attorney for filing a pleading that is presented for an "improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Rule 11(b)(1). Sanctions are also appropriate where the factual contentions do not have evidentiary support or are not likely to have evidentiary support after a reasonable opportunity for discovery. Rule 11(b)(3). *See also*, Rule 11(c) (authorizing sanctions for violation of Rule 11(b)). Pursuant to the discussion above, the Court finds that sanctions are warranted against Thabico under both Rule 11(b)(1) and Rule 11(b)(3).

Thabico defends against Rule 11 sanctions, complaining that Kiewit has violated the safe harbor provisions of Rule 11(c)(2), which are strictly construed, and because Kiewit has not shown that it is entitled to sanctions. D.E. 33, p. 2. Specifically, Thabico complains that: Rule 11 may not be used to sanction a party for an attorney's conduct; service was untimely; the motion for sanctions lacks specificity; Rule 11 does not apply to conduct that occurred in state court; Kiewit is responsible for its own damages; and the

motion was not properly and timely served. The Court considers the complaints in inverse order.

**Service and Safe Harbor**. This Court has already agreed with Thabico that Rule 11(c)'s safe harbor provisions are strictly construed and require Kiewit to have served its motion for sanctions in identical form at least 21 days prior to presenting it to the Court for a ruling. *See* D.E. 27. The Court does not agree, however, that Kiewit has failed to comply with the rule. The form of the certificate of service is not dictated by Rule 11(c). Consequently, Kiewit's certificate of service, adequate to convey the information required, does not render the motion for sanctions noncompliant.

More specifically, Thabico points out that the motion was not served on January 4, 2017, as recited in the certificate of service attached to the motion. While that is true, nothing about Kiewit's request requires service on January 4, 2017. On the same date the motion for sanctions was filed and immediately thereafter, Kiewit filed its Amended Certificate of Service, reflecting that the motion—as filed—was served on June 13, 2017. The Court accepts the amended certificate of service as providing the accurate information necessary to proceed on the motion.

Thabico also complains that the amended certificate of service, filed as an independent "bare" document, is fatally defective. This assertion, made without citation of authority, is contrary to Rule 1, requiring this Court to construe the rules for a "just, speedy, and inexpensive determination of every action and proceeding." And it is not a violation of any part of Rule 11(c) to file a corrected certificate of service, so long as

timely service was accomplished and the certificate of service was filed within a reasonable time after service.

**Timeliness of Service**.  Thabico's complaint regarding Kiewit's post-judgment filing of the motion for sanctions is without merit.  Thabico fails to differentiate between (a) service of the proposed motion for notice purposes and (b) service of the motion as filed for purposes of a remedy.  Notice-service gives the party twenty-one days to correct the alleged abuse.  Remedy-service triggers the request for the court to act after the motion is filed.

Clearly, if notice-service is given after judgment is entered, it fails in its essential purpose to give the errant party an opportunity to remedy the problem voluntarily.  All of Thabico's cited cases involve that sort of post-judgment notice-service scenario or a failure to give 21-day's notice prior to filing the motion for the court's action.  But that is not what occurred here and those cases are inapposite.  Kiewit has demonstrated that it provided the notice-service on December 14, 2016—in plenty of time for Thabico to withdraw the frivolous claims before having to respond to Kiewit's motion to dismiss.  Thabico had its 21-day notice required by the safe harbor provision.

More than twenty-one days thereafter, Thabico instead filed its response (D.E. 8), vigorously opposing Kiewit's motion to dismiss (D.E. 5) and standing on its meritless pleading.  The Court did not issue its final judgment (D.E. 28) until June 12, 2017— nearly six months after Kiewit provided Thabico with its notice-service of its intent to seek sanctions.  It is fully consistent with Rule 11 for Kiewit to then seek its remedy after judgment.  *See generally, Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) (a

court retains jurisdiction to impose sanctions and award attorneys fees after an action is dismissed and it no longer has power to consider the merits); *Ratliff v. Stewart*, 508 F.3d 225, 229–30 (5th Cir. 2007) (the collateral jurisdiction doctrine permits courts to sanction lawyers, even after a final judgment on the underlying merits).

**Kiewit's Responsibility**.  Thabico argues that Kiewit incurred defense costs because it was unreasonable in refusing Thabico's offer to settle this litigation on terms that did not involve any assessment of liability on the claims brought in tort and in equity. Thabico represents that, early in this dispute, it offered to complete the purchase of the crane on the terms previously negotiated with BR Crane and dismiss all claims made against Kiewit.  Thabico's argument is meritless because any such offer would require Kiewit to breach its contract to sell the crane to BR Crane.  Given the choice between incurring liability to BR Crane for breach of contract or defending against Thabico's frivolous claims, Kiewit cannot be faulted for making the decision to defend and did not thereby cause its own damages.

**State Court Conduct**.  Thabico argues that the sanctions Kiewit requests exceed the Court's power because it cannot assess sanctions for conduct undertaken in the state court actions, citing *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460–61 (5th Cir. 2010) (holding that district court did not have the power to sanction conduct that took place in a court-ordered arbitration proceeding).  The Court agrees that its supervisory power over the litigation is circumscribed by the litigation within its jurisdiction.

This Order is not formulated to sanction Thabico with respect to its state court actions or for conduct that took place in state court. Rather, the Court has described each phase of this case, including the two previous state court actions, solely to place the conduct in this case in proper context. In this Order, the Court is exercising its power to sanction Thabico on the basis of actions taken in the course of filing and prosecuting this federal action only.

**Motion's Specificity**. Thabico challenges the specificity of Kiewit's motion for sanctions on the basis that it does not detail the precise conduct that caused Kiewit to incur damages. Thabico objects to fee-shifting from the start of the dispute without allocating Kiewit's particular fees and expenses to specific actions taken by Thabico. Again, even if requested by Kiewit, the Court is not sanctioning Thabico for its actions from the outset of its dispute with Kiewit.

Rather, the sanctions are limited to conduct taken in this case. And they are related to Thabico's filing of frivolous claims in its complaint (D.E. 1), pressing its frivolous claims in defending against the motion to dismiss (D.E. 8, 9), attempting to amend the complaint (D.E. 11, 12) to keep its claims alive and continue to present Kiewit with a moving target, moving to alter judgment (D.E. 16, 17) seeking to revive the claims, and response to motion for sanctions (D.E. 32, 33) that relies, at least in part, on specious arguments. This entire action has been unwarranted, unreasonable, vexatious, and harassing.

Thabico argues for the presumption that its pleadings are filed in good faith. *See Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000). That case and many like it apply

state law to pleadings filed prior to removal to federal court. However, even if such a presumption applies to federal pleadings, Thabico's conduct in evidence rebuts any such presumption. As set out above, Thabico has undertaken a pattern of conduct of knowingly prosecuting meritless claims and prompting Kiewit to incur excessive fees to defend against them. Whether the actions took place in this Court or in prior proceedings, they detail the context in which Thabico filed and prosecuted this action. They provide substantial evidence of Thabico's bad faith and improper motives.

**Party versus Attorney Conduct**. Thabico argues that Rule 11 sanctions are not available against a party, citing *Satterlee v. Northside Developers, Inc*., 216 F.R.D. 330, 336 (D.V.I. 2003). However, the *Satterlee* case was concerned with a Rule 11(b)(2) violation related to whether the claims were supported by the law. Courts may not sanction parties for their attorney's opinions on the law or its reasonable extension, modification, or reversal. Rule 11(c)(5)(A). Nothing in Thabico's response faults its attorneys for the litigation tactics complained of; nothing exonerates Thabico as the party directing the litigation in which the factual support was clearly lacking.

In fact, Thabico's response states that the litigation was founded on sworn testimony and documentary support supplied by the client. D.E. 33, p. 15. In such a situation, the Court may find the client responsible for vexatious litigation. *Friesing v. Vandergrift*, 126 F.R.D. 527, 529 (S.D. Tex. 1989) (a client's personal awareness or other responsibility for bad faith procedural action renders the client subject to Rule 11 sanctions, citing *Browning Debenture Holder's Committee v. DASA Corp*., 560 F.2d 1078, 1089 (2d Cir.1977)).

The Court finds that Kiewit is entitled to some of the attorney's fees and expenses incurred in defending against Thabico's claims pursuant to Rule 11.

**CONCLUSION**

The Court has found that Thabico engaged in sanctionable conduct and that an award of attorney's fees against Thabico and in favor of Kiewit is warranted under Rule 11 and the Court's inherent power.  Kiewit's motion for sanctions is GRANTED.

While Kiewit requests all of its fees for defending against all of Thabico's actions, it did not include any evidence of what those fees might be and it is not entitled to fees incurred in the state court actions.  Therefore:

- Kiewit is ORDERED to file on or before August 21, 2017 its evidence, in admissible form, regarding attorney's fees and costs that Kiewit incurred.  The requested fees must be limited to those applicable to this federal action and the conduct found sanctionable in this Order.

- Thabico is ORDERED to file any objections, responses, and controverting evidence on or before August 31, 2017.

The Court's decision may be made on the basis of the written submissions without an evidentiary hearing, consistent with the purpose of sanctions to avoid unnecessary expense and delay.  *See, Merriman v. Sec. Ins. Co. of Hartford*, 100 F.3d 1187, 1192 (5th Cir. 1996).

Understanding that its current attorneys seek to withdraw, Thabico is cautioned that no extension of time to respond will be granted on the basis of any failure to secure

appropriate representation to address this issue.  A failure to respond will be construed as a lack of opposition to the relief sought.  *See* Local Rule 7.

Thabico is further cautioned that this Court is not limited to awarding attorney's fees and costs and may impose a fine or other remedy designed to deter additional conduct of the type complained of here.

ORDERED this 7th day of August, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE