UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THABICO COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-427 |
| | § | |
| KIEWIT OFFSHORE SERVICES, LTD., *et al*, | § § § | |
| | § | |
| Defendants. | § | |

## ORDER AWARDING SANCTIONS

On August 7, 2017, this Court issued its Order Granting Sanctions (D.E. 39), holding that Kiewit Offshore Services, Ltd. and CMF Leasing Co. (jointly Kiewit) were entitled to sanctions against Thabico Company (Thabico) pursuant to this Court's inherent power and for violations of Federal Rule of Civil Procedure 11. D.E. 39. Pursuant to that Order, Kiewit has now filed its claim for attorney's fees and costs applicable to its defense of this federal action. D.E. 40, 41.

## DISCUSSION

**A. No Cognizable Opposition**

Thabico's attorneys have filed their motion to withdraw (D.E. 36), which is under advisement. They have not filed a response on behalf of Thabico to Kiewit's request for $99,127.16 in sanctions. Thabico, attempting to proceed pro se, filed its Objections, Responses, and Controverting Evidence (D.E. 42) on August 30, 2017, without any sign of the participation of its attorneys. That filing contains 117 pages of material offered to re-litigate either the underlying claims, the order granting sanctions, or both. And while

it seeks to divert liability for the sanctionable conduct onto its attorneys, it does not address the only remaining issue before the Court: whether the amount of the sanctions Kiewit seeks is supported by the evidence.

Additionally, Thabico's response is set out under the signature of Binh V. Nguyen, President of Thabico, pro se. The response is supported by three declarations, each of which recites that the signatory has no legal training. D.E. 42, p. 16 (Binh Van Nguyen, President, ¶ 20), p. 21 (Kim Chi Ngyuen, cousin of President, ¶ 6), and p. 27 (Edwin Tran, independent businessman, ¶¶ 8, 10). Thabico, as an incorporated entity, may not appear pro se and must be represented by an attorney. *E.g.*, *Southwest Exp. Co., Inc. v. I.C.C.*, 670 F.2d 53, 55-56 (5th Cir. 1982). Consequently, Kiewit has filed its Motion to Strike Docket Entry 42 as a document filed by a corporate entity without legal representation. D.E. 43. The Court GRANTS the motion (D.E. 43) and STRIKES Thabico's pro se objections (D.E. 42).

### B. Parameters of Sanctions Award

The only remaining question is the amount of attorney's fees and costs that should be awarded to Kiewit for the sanctioned conduct outlined in the Court's Order Granting Sanctions (D.E. 39). The Supreme Court has written extensively on the parameters of such sanctions awards when made pursuant to a federal court's inherent powers. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 33-35 (1991). The following principles apply here:

> (1) Because it is a matter of vindicating judicial authority, the award is not tied to any fee-shifting substantive law or state policies;

(2) The Court may, but is not required to, consider the application of sanctions under Federal Rules of Civil Procedure 11 to discreet acts;

(3) The award should reflect the frequency and severity of the abuses of the judicial system and the need for deterrence;

(4) The award should be based upon evidence that reflects whether the fault lies with the party or its attorney; and

(5) The award should be compensatory rather than punitive—calibrated to the incremental losses caused by the acts on which the order is based, recognizing when defense of a claim would have been required regardless of sanctionable conduct.

*Id*.; *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017). The court should apply a "but for" causation standard when exercising its inherent authority, while being mindful of the context of the abuse.

> "The essential goal" in shifting fees is "to do rough justice, not to achieve auditing perfection." Accordingly, a district court "may take into account [its] overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." The court may decide, for example, that all (or a set percentage) of a particular category of expenses—say, for expert discovery—were incurred solely because of a litigant's bad-faith conduct. And such judgments, in light of the trial court's "superior understanding of the litigation," are entitled to substantial deference on appeal.

*Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1187 (citations omitted). Acknowledging its previous decision in *Chambers*, the Supreme Court again held that, if the sanctionable conduct implicates the filing of the case from its inception, then the entire expense

incurred in defending may be awarded as a sanction. *Goodyear Tire & Rubber Co.*, 137 S.Ct. at 1187-88.

As detailed in the Order Granting Sanctions (D.E. 39), this action was the third lawsuit that Thabico and/or its agent Triumph Wood Product, Inc. filed against Kiewit regarding the crane transaction. It was filed after Thabico, separately and through Triumph, had an opportunity to test its claims against Kiewit, ending in summary judgment. This lawsuit was filed as an end-run around that summary judgment, in lieu of appeal, seeking a more sympathetic forum. Thus this Court finds that the bad faith circumstances under which this action was filed triggered Kiewit's entire defense, placing all of its attorney's fees and expenses in consideration for this sanctions award.

The Court also notes that Kiewit seeks sanctions only against Thabico, and not its attorneys. D.E. 29. In its initial response to the motion, Thabico revealed its effort to recover against Kiewit through baseless speculation of wrongdoing and its refusal to settle the claims during the first state court matter, which would have mitigated Kiewit's defense costs. There is no evidence that Thabico's attorneys acted against its instructions in pursuing this third action. At the same time, the Court acknowledges that the attorneys necessarily share some of the blame for repeatedly advancing baseless theories against Kiewit. Thus the Court is compelled to award sanctions in an amount less than one hundred percent (100%) of Kiewit's defense costs.

C. **Evidence and Award**

The fee applicant bears the burden to show that the requested fee is reasonable. *E.g., Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). Kiewit, as

applicant, offered evidence in the form of (a) the Affidavit of David S. Bland, (b) counsel's fee statements, and (c) the summary of fee statements. *See* D.E. 40-1, 41, 41-1. Kiewit seeks a total of $99,127.16, representing the entirety of its defense costs for this action. This amount is based on fees charged under a lodestar method with varying hourly rates for the four attorneys and two paralegals that make up the defense's legal team, along with Westlaw, Pacer, and travel expenses.

**Lodestar Fee**. The Court finds that the lodestar method of assessing fees—equivalent to the hourly rate charged here—is appropriate in this case. By that method, each attorney or paralegal[1] charged a reasonable hourly rate that is multiplied by the number of hours expended on the case. The resulting lodestar calculation of the total fee is presumed reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010).

Bland & Partners staffed this case with two partners, two associates, and two paralegals. But the bulk of the work was done by associate, Jack E. Byrom, together with partner Robert P. Vining. *See* D.E. 41-1. This staffing structure is appropriate for this case. Personnel rates are $355 to $415 for partners, $245 to $265 for associates, and $160 to $170 for paralegals. These rates are appropriate and customary in this geographical area for the type of work required. The lodestar calculation is appropriate on its face.

---

[1] The paralegal time billed in this case is for work ordinarily done by attorneys. D.E. 41.

**Case Adjustments**. The fee rendered by the lodestar method does not require any adjustments based on this particular case. The Court treats the twelve factors[2] used to temper a fee amount as follows:

(1) Time and labor required for the litigation: the total of 288.1 hours is not out of line with the nature of Thabico's changing and relentless persistence in meritless claims against Kiewit;

(2) The novelty and difficulty of the questions presented: the Court agrees with David S. Bland, the supervising partner on this case, that the legal issues presented here were not particularly complex, but the manner in which they were pursued complicated their defense. D.E. 40-1, ¶ 5;

(3) The skill required to perform the legal services properly: the adequacy of Kiewit's representation is reflected in the Court's docket sheet and hearings held—solid work that did not require anything extraordinary in addition to what should be expected by the hourly rates;

(4) The preclusion of other employment by the attorney due to acceptance of the case: this case was more time-consuming than it should have been, which is adequately reflected in the hours used in the lodestar calculation;

---

[2] *Cobb v. Miller*, 818 F.2d 1227, 1231 n.5 (5th Cir. 1987) (citing *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated by Blanchard v. Bergeron*, 489 U.S. 87 (1989) (addressing fee applications in civil rights cases).

(5) The customary fee: the rates are appropriate;

(6) Whether the fee is fixed or contingent: the hourly fee sought appears to be the same as that charged, which is appropriate to the case;

(7) Time limitations imposed by the client or the circumstances: this element is neutral;

(8) The amount involved and the result obtained: this action involved a transaction in which Kiewit stood to sell its crane for a price of nearly one million dollars; Thabico alleged claims by which Kiewit could suffer a judgment eliminating its right to claim that purchase price or more. The fees are about one-tenth of the sale price and Kiewit obtained a complete victory on the merits;

(9) The experience, reputation, and ability of the attorneys: Bland did not offer details in this regard, but its work on the case reflects appropriate skill;

(10) The undesirability of the case: this element is neutral;

(11) The nature and length of the professional relationship with the client: there is no evidence on this issue; and

(12) Awards in similar cases: Keiwit has offered no evidence or authority on this issue.

Considering all of the factors, the lodestar calculation properly reflects the customary rate in the community and the peculiarities of this case. No adjustments of the fee, up or down, is required by the peculiar facts of this case.

**Billing Judgment**. The Court must review billing records and exclude all time that is excessive, duplicative, or inadequately documented. *Combs v. City of Huntington, Texas*, 829 F.3d 388, 391–92 (5th Cir. 2016). The Court ordered Kiewit to exclude from its claim any services rendered with respect to other cases it has defended regarding the same transaction and Kiewit has largely done so. However, there are some references to the state court actions, a failure to document any reduction for travel time, one significant duplicate entry, and a mistake in arithmetic all of which, in the exercise of appropriate billing judgment should reflect reductions. After a review of the billings, the Court deducts amounts as follows:

| Date | Personnel | Service and Reason | Amount |
|---|---|---|---|
| 10/13/16 | RPV | Duplicate review of complaint | $ 71.00 |
| 12/13/16 | WR | Excessive time to calendar deadlines | $ 107.25 |
| 12/21/16 | RPV | Duplicate entry | $ 319.50 |
| 1/5/17 | DSB | Reduction for travel time | $ 630.00 |
|  | JEB | Reduction for travel time | $ 450.50 |
| 1/6/17 | DSB | Reduction for travel time | $ 420.00 |
|  | JEB | Reduction for travel time and excess hours | $ 980.50 |
| 1/18/17 | JEB | Inclusion of time for state court analysis | $ 463.75 |
| 1/26/17 | JEB | Inclusion of time for state court conference | $ 66.25 |
| 1/31/17 | RPV | Arithmetical mistake | $ 73.00 |
| 8/11/17 | JJ | Inclusion of time for state court records | $ 51.00 |
|  |  | **TOTAL** | **$ 3,632.75** |

**Westlaw**. Kiewit bills for computer-assisted legal research charges through Westlaw. However, nothing in the evidence reflects that these are actual charges. There are no bills or receipts attached and nothing to suggest that these are not charges for services included in a subscription to the service that would be incurred by the attorneys, regardless of use. The Court is not aware that any of the issues briefed in this case would

require the use of specialty databases outside a normal subscription.  The Court therefore declines to award computer-assisted legal research charges that are more appropriately treated as standard overhead.  *See generally*, *Int'l Marine, LLC v. FDT, LLC*, No. CIV.A. 10-0044, 2015 WL 914898, at *18 (E.D. La. Mar. 3, 2015).  The Court deducts the following amounts:

|       |             |
|------:|------------:|
|       | $ 518.16    |
|       | $ 195.16    |
|       | $ 2,791.55  |
|       | $ 28.63     |
|       | $ 391.65    |
|       | $ 68.31     |
|       | $ 4,387.84  |
|       | $ 1,621.90  |
|       | $ 316.43    |
| **Total** | **$ 10,319.63** |

The Court takes Bland & Partners' total billings of $99,127.16, subtracts $3,632.75 for billing judgment, and subtracts $10,319.63 for Westlaw charges, rendering a full fee of $85,174.78.  Thabico is not wholly to blame for the legal strategy implemented, which resulted in this improper action.  However, Thabico supplied the specious basis for the allegations and sought to benefit from refusing to settle and pursuing its claims when Kiewit sought to buy its peace—prior to incurring these defense costs.  Therefore, pursuant to its inherent power and Rule 11, the Court awards sanctions in favor of Kiewit and against Thabico at 75% of the full fee as calculated herein.

## CONCLUSION

Therefore, consistent with its Order Granting Sanctions (D.E. 39), the Court AWARDS Kiewit Offshore Services, Ltd.[3] sanctions against Thabico Company in the amount of $63,881.09.

ORDERED this 26th day of September, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[3] While both Kiewit and CMF Leasing Co. filed the motion for sanctions (D.E. 29), the Court notes that the parties have previously represented that they are related business entities and the evidence consists of statements for legal services directed only to Kiewit. D.E. 41.