IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THABICO COMPANY | § | |
|    *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:16-CV-00427 |
| | § | |
| KIEWIT OFFSHORE SERVICES, LTD, | § | |
| CMF LEASING CO., and B.R. CRANE | § | |
| & EQUIPMENT LLC, | § | |
|    *Defendants* | § | |

## COUNSELS' OPPOSITION TO MOTION FOR ALLOCATION OF SANCTIONS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Michael A. Lee and Eric Fryar, (collectively, "Counsel") file this Opposition to Thabico Company ("Thabico") Motion for Allocation of Sanctions, and respectfully submit the following:

### I.  SUMMARY OF ARGUMNENT

Thabico's Motion (the "Motion") is procedurally improper for several independent reasons explained in detail below.  These errors justify denial of the Motion without consideration of the merits of scurrilous allegations repeated in the Motion.

In addition, the alleged newly discovered evidence cited in Thabico's Motion to justify Thabico's request for reconsideration of the Court's prior order, is not sufficient to justify reconsideration of the Court's order, and undertaking of collateral matters sought via the Motion.

### II.  RELEVANT FACTS

1.      From the inception of this case for Thabico, Counsel carefully and methodically made sure that Thabico would be fully informed of all matters related to the case, and that Counsel always had access to representatives from Thabico with the authority to make binding decisions on behalf of Thabico.  All decision related to what clams to bring, whom to sue, and

Thabico determined where to pursue such claims with legal assistance provided by Counsel. Counsel never imposed its own strategy regarding how to prosecute the case, and always left decisions about how to proceed up to Thabico after proving Counsel's best legal advice. At the request of Triumph and Thabico, Counsel communicated all information to both Triumph and Thabico on equal terms. Lee Declaration, pp 1-3

2.     Thabico retained Counsel in September of 2016 in order to take control of the litigation directly. Thabico requested Counsel to prepare a petition to join Triumph in the state court action. After certain discouraging developments in the state court proceedings, Thabico decided it was unhappy with the events in the litigation, and in particular, with the state judge's decision to dissolve the temporary injunction. Thabico began asking Counsel about its alternatives. Initially, Counsel suggested that Thabico continue on in state court through summary judgment and appeal any adverse decisions that might occur against Thabico. Thabico decided that it did not want to appeal the state court because it was unable to wait for the time an appeal would take. Thabico eventually instructed Counsel to find a way to file Thabico's claims in another Court. After significant factual and legal research, Counsel provided Thabico with its analysis of the available options. Thabico made the decision in response to its own analysis of what was best for Thabico. Thabico decided it could not wait the time it would require an appeal of the state court if necessary, and directed Counsel to non-suit its state court action and refile the case in another court. That instruction is contained in the new contingency fee agreement reached between Counsel and Thabico. Lee Declaration, pp 4-6

# III.  ARGUMENT AND AUTHORITIES

A.    **Procedural Deficiencies**

3.      *The Motion is Contrary to, and Inconsistent with, the Court's Order Granting Sanctions*.  Doc# 39.  Kiewit did not request sanctions against Counsel, although it could have. The Court did not Order sanctions against Counsel, although it could have. Thabico's Motion is nothing more than an untimely attack and request for reconsideration of the Court's sanction Order.[1]

4.      *The Motion lacks evidentiary support.*  Thabico's new attorneys propose to reopen the entire months long sanctions dispute, based entirely upon false, misleading, and defamatory statements made by Thabico, and rephrased by its new counsel in the Motion that originate from a document that the Court struck in its Order Awarding Sanctions, Doc# 48 p.2   No admissible evidence supports a reconsideration of the Courts' Order.

5.      *The Motion improperly seeks sanctions against its own attorneys, based on authority the Court chose not to.*  In its Motion Thabico claims, "However, nothing precludes Thabico from invoking 28 USC §1927 **against its own attorneys.**"  Doc# 52, p.3    Nothing that is but the facts of this case, and case law.  See *Mark Industries, Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 734 (9th Cir. 1995) (sanctions cannot be awarded to a client against his own attorney.)

6.      *Thabico is not entitled to an additional attack on Kiewit's Sanctions.* Counsel previously filed several briefs on behalf of Thabico, which succeeded in limiting the sanctions owed by Thabico based on the Court's ruling. See Docs# 20, 26, 27, and 33 The Court's Order

---

[1] On this point, Counsel adopts the same argument made by Kiewit in opposition to Thabico's Motion. Doc# 55

granting sanctions Doc# 39, called for Thabico to file any objections, responses or controverting evidence to those sanctions requested by Kiewit by August 31. Thabico's new counsel filed the instant Motion weeks after the deadline set by the Court.

7. *Violates Counsels' contractual and arbitration rights*. The Motion seeks relief for disputes well within the scope of a binding written arbitration agreement between Thabico and Counsel. Ex. 6 Lee Declaration Moreover the procedure called for in Thabico's Motion would interfere with or prevent Counsel from exercising the contractual rights set forth in the fee agreement between Counsel and Thabico, including its right to invoke binding arbitration for resolution of just the type of dispute raised by Thabico.

**B.  Evidence Establishes that Thabico was the "but for" cause of the decision to file the Complaint in federal court.**

8.   Thabico's Motion should be denied on the merits because the record demonstrates that Thabico was the *but for cause* of the filing of the Original Complaint in federal court The Court ruled that it was **the filing of the federal complaint itself** that constituted sanctionable conduct justifying sanctions against Thabico. Doc# 48 p.6 Although Counsel respectfully disagree with that conclusion, those arguments were made and rejected by the Court. However, the test for imposition of sanctions is not whether Counsel was correct or incorrect in its legal analysis, but instead, the question is whether the accused target of the sanctions could be considered the "but for" cause of, in this case, the filing of the federal complaint. Doc#48 p.3 For the reasons set forth in  the fact above and Lee Declaration, nothing in the Motion alters the causation analysis.

Respectfully submitted,

/s/ Michael A. Lee
Michael A. Lee
Law Office of Michael A. Lee
State Bar No. 12074620
SDTX 14171
2026 Latexo Drive
Houston Texas, 77018
Telephone: 713-489-4309
Fax: 713-513-5733`
Email: comlaw@me.com


*Additional Counsel for Thabico Company*

Eric Fryar
Fryar Law Firm, P.C.
State Bar No. 07495770
912 Prairie Street, Suite 100
Houston Texas, 77002-3145
Telephone: 281-715-6396
Fax: 281-715-6397
Email: efryar@fryarlawfirm.co