UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THABICO COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-427 |
| | § | |
| KIEWIT OFFSHORE SERVICES, LTD., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION FOR ALLOCATION OF SANCTIONS

Before the Court is Thabico's Motion for Allocation of Sanctions (D.E. 52). For the reasons set out below, the Court GRANTS partial relief requested by the motion (D.E. 52) and GRANTS Attorneys Michael A. Lee and Eric Fryar's Corrected Motion to Withdraw (D.E. 36).

### BACKGROUND

**Kiewit's partial judgment**. The Court entered partial final judgment (D.E. 28), pursuant to Federal Rule of Civil Procedure 54(b), dismissing all claims against Defendants Kiewit Offshore Services, Ltd. and CMF Leasing Co. (jointly Kiewit) on June 12, 2017, having found that the claims had no merit. Plaintiff Thabico Company (Thabico) did not appeal that judgment and the time for doing so has passed.[1] Fed. R. App. P. 4(a)(1).

---

[1] In the meantime, Thabico sought dismissal of its claims against B.R. Crane, which was granted, ending all substantive claims in this case on October 12, 2017. D.E. 53, 54.

**Kiewit's motion for sanctions**. On June 13, 2017, Kiewit filed its motion for sanctions (D.E. 29), seeking attorneys' fees for defending this case against Thabico. Kiewit did not seek sanctions against Thabico's attorneys. Pursuant to Federal Rule of Civil Procedure 54(d)(2), a claim for attorney's fees is to be made by motion no later than fourteen (14) days after the entry of judgment. Kiewit timely filed its motion a day after the partial final judgment pertaining to the claims against it and before final judgment in the case. The adversarial proceedings on the motion were governed by Rules 43(c) (allowing evidence on affidavits), Rule 78 (allowing submissions on briefs), and Rule 52(a) (providing for findings of fact and conclusions of law in nonjury matters). Fed. R. Civ. P. 54(d)(2).

**Lee/Fryar motion to withdraw**. On July 11, 2017, after filing responses to the motion for sanctions ostensibly on behalf of Thabico, its attorneys, Michael A. Lee and Eric Fryar, sought to withdraw from their representation of Thabico. D.E. 32, 33, 34. The corrected motion to withdraw (D.E. 36) remains under advisement.

**Evidence and determination of sanctions**. In the meantime, Thabico's corrected response to the sanctions motion represented that Thabico and its representatives had supplied sworn testimony and documentary support for the allegations in this case, which this Court found frivolous. D.E. 33, p. 15. This was evident in the state court petition accusing Kiewit of conversion, which was verified by Thabico's agent. D.E. 29-1. On August 7, 2017, the Court issued its Order Granting Sanctions (D.E. 39). The Order held that Thabico's conduct exhibited a bad faith, vexatious, wanton, or oppressive escalation and prolonging of frivolous litigation.

Pursuant to the Court's inherent power and Federal Rule of Civil Procedure 11, the Court granted sanctions and directed Kiewit to submit evidence regarding attorney's fees incurred. Upon review of that evidence (D.E. 40, 41), the Court issued its Order Awarding Sanctions (D.E. 48) on September 26, 2017, awarding $63,881.09 in sanctions against Thabico, representing 75% responsibility for the conduct triggering the sanctions award.

## DISCUSSION

**Motion to allocate**. On October 9, 2017, Thabico appeared by new counsel and filed its motion for allocation of sanctions (D.E. 52). The motion does not seek reconsideration of the Court's determination that sanctions are appropriate or the Court's findings regarding the amount of sanctions that could be awarded. Neither does Thabico's motion seek affirmative recovery from its attorneys. The only issue presented is whether the sanctions were properly awarded against Thabico.

In briefing its motion, Thabico suggests that any sanctions should have been awarded against its attorneys, Lee and Fryar, who represented Thabico during the sanctioned conduct. However, Kiewit's motion that triggered the sanctions inquiry did not seek to recover against the attorneys. And Kiewit has not sought to add any request for relief against the attorneys at this time. As a practical matter, Thabico's motion—if successful—can achieve only one result: reducing or eliminating Thabico's liability for sanctions.

The motion to allocate was filed well within twenty-eight (28) days of the entry of the order awarding sanctions (D.E. 48). Thus, assuming that the order awarding

sanctions constitutes a judgment, the motion was timely under Federal Rule of Civil Procedure 59.[2]  That Rule allows the Court to take additional evidence and make new findings of fact and conclusions of law.  Fed. R. Civ. P. 59(a)(2).  Thabico filed affidavits with its motion.  D.E. 52.  Kiewit filed a response (D.E. 55), offering no new evidence.  And Thabico replied (D.E. 56).  The Court then ordered counsel Michael Lee and Eric Fryar to file their response and they have done so, together with their declarations and other evidence.  D.E. 57, 58, 59, 61.

### A. Objections

Keiwit objects to considering Thabico's motion, first, because it is an improper motion to reconsider.  The Court disagrees.  "The court has the power and duty to order a new trial whenever, in its judgment, this action is required in order to prevent injustice."  11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2805 (3d ed. 2012).

One such category of injustice arises from the conduct of counsel.  *Id*., § 2809.  When adjudicating the sanctions motion, the Court was troubled by a potential conflict of interest between Thabico and its counsel, Lee and Fryar.  This conflict was apparent in counsel's motion to withdraw.  Thabico's effort to appear without new counsel in an improper pro se manner did not aid the Court.  And Lee and Fryar's defense of the motion presented justifications of legal strategy that were, almost by necessity, self-interested—placing the blame on Thabico.

---

[2]  Absent a judgment, an order may be revised at any time before the entry of a judgment adjudicating all the claims and all parties' rights and liabilities.  Fed. R. Civ. P. 54(b).

In assessing attorney's fees as sanctions and having the duty to differentiate between the conduct of the attorneys and that of the client, the Court's task was made unnecessarily difficult because of this apparent conflict. The Court thus welcomes the opportunity to review this matter with Thabico being separately represented by counsel. The Court OVERRULES Kiewit's objection that the motion is an improper motion to reconsider.

Second, Kiewit objects that the motion to allocate is a thinly-disguised effort to summarily decide a legal malpractice case between Thabico, Lee, and Fryar. The Court disagrees. Kiewit has done nothing to demonstrate that this is an issue upon which it has standing to complain. Furthermore, without Keiwit ever having sought sanctions against Lee and Fryar, it has demonstrated no interest in sanctions that may be attributable to counsel. It chose to limit its claim to sanctions against Thabico and offered no evidence of wrongdoing outside of the pleadings filed in the case and official correspondence from Thabico's counsel. D.E. 29, 55.

Even without Keiwit's input on the issue, the Court has the responsibility to assess whether sanctionable conduct is attributable to the attorneys or to the client. *See generally*, Fed. R. Civ. P. 11; *Friesing v. Vandergrift*, 126 F.R.D. 527, 529 (S.D. Tex. 1989). The Court OVERRULES Kiewit's objection to the motion to allocate based on its alleged effect of pre-trying a potential malpractice action.

### B. Consideration of Evidence and Arguments

Thabico supplies three declarations in support of its motion. Binh Van Nguyen, Thabico's President, attests to complete ignorance of the American legal system and full

dependence upon Michael Lee to direct this litigation. D.E. 52-1. While he disclaims any influence in the decision to join Kiewit as a Defendant in this case, he faults Lee for failing to conduct adequate discovery to determine Kiewit's role in the fraud against Thabico. He sets out no factual basis for joining Kiewit at the outset under any cause of action and subjecting it to discovery.

Kim Chi Nguyen states that she has no business or legal experience and limited skill with the English language, but she lives in the United States and agreed to help her cousin, Binh Van Nguyen, communicate with his American legal counsel regarding the crane transaction. D.E. 52-2. According to her, Lee sought their cooperation in "pursuing damages against Kiewit as the primary culprit" in the fraud against them. D.E. 52-2, ¶ 12. Lee represented to them that the failed Harris County lawsuit was due to an incompetent, unfair, or biased judge. *Id*., ¶ 14. *See also*, D.E. 52-3, p. 63 (attorney-client email). He further explained to them that Kiewit was liable for all of the damages and that he would continue to look for a judge that would be fair, seeing the case their way. *Id*., ¶¶ 20, 21. Like Binh, Kim Chi faults Lee for failing to conduct adequate discovery to determine whether Kiewit was involved in the fraudulent scheme. *Id*., ¶¶ 27, 28, 30. She further disclaims any responsibility for declarations or affidavits signed by Thabico representatives as they were done solely under instruction from Lee. *Id*., ¶ 42. *See also*, D.E. 52-3, ¶ 35.

Edwin Tran, a business acquaintance of Binh Van Nguyen to whom he granted a power of attorney, also agreed to assist, seeking new legal representation for Thabico after the multiple failures of Lee and Fryar. D.E. 52-3. After obtaining documents from

Kim Chi, Tran concluded, "Anyone who has a mind of inquiry would have questioned or detected multiple irregularities utilized in the legal proceedings engaged by Mr. Lee." *Id*., ¶ 9. Tran also faults Lee for failing to conduct discovery to confirm whether Kiewit, described as the "culprit" or "mastermind" was actually at fault. *Id.*, ¶ 26.

These three declarations evidence a certain ignorance of the law and dependence upon counsel. However, they also demonstrate a willingness to subject Kiewit to their claims without any factual basis. And they suggest that they provided sworn evidence against Kiewit upon Lee's request, without exercising any independent judgment as to whether they were attesting to anything that was within their personal knowledge and was true and correct. *See* verified petition sworn to by Sonny Nguyen, D.E. 29-1. They also fail to address the issue of their unwillingness to resolve the claims against Kiewit in an expeditious manner, instead adding multiple tort claims, for which the Court previously faulted them. *See* D.E. 29-5; D.E. 39, p. 13.

Attorney Lee admits that "Kiewit appeared to be the least culpable of the defendants, and the hardest to state a strong legal claim against." D.E. 61-3, p. 3. Lee indicates that the only reason a claim was stated against Kiewit was the fact that it remained in possession of the crane that Thabico sought to purchase. *Id.*, pp. 3-4. However, in a classic approach of ends justifying the means, he chose "to come up with a theory that would make Kiewit answer for the conduct of others . . . ." *Id.*, p. 4. And he fails to explain any legitimate basis for the ever-increasing claims against Kiewit.

Attorney Fryar filed his own declaration in which he claims that he believed that Kiewit was liable pursuant to *Kempner v. Dillard*, 101 S.W. 437, 438 (1907). *Kempner*

stands for the proposition that, where an agent negotiates a contract on behalf of a principal, the contract belongs to the principal. The problem with Fryar's assertion of this authority is that the claims made against Kiewit in this Court were not only to enforce the contract but were for a long list of tort causes of action and included civil conspiracy and joint enterprise involving fraud. Moreover, the claims were intentionally asserted in this federal forum that did not have jurisdiction over the crane or the downpayment on the contract, both of which were already subject to the jurisdiction of the Harris County court.

Fryar admits that the attorneys made all decisions regarding what theories to plead and he offers no factual support for the tort and fraud claims against Kiewit. Instead, he suggests that Kiewit had unidentified duties that arose and were breached after Thabico's role as principal was disclosed. This would have been conduct that took place after Thabico had already filed suit and obtained injunctive relief. As previously observed, Fryar's argument suggests that Kiewit should have acted in defiance of state court jurisdiction, which Thabico itself had invoked in order to halt any further transactions regarding the crane Thabico sought to buy. D.E. 39, pp. 6-7.

Fryar describes the decision to non-suit the Harris County case and refile in a more favorable venue as one that he supported and advocated to the client. It is not a strategy that the client invented for pursuing its claims. However, he does describe the information imparted by the Thabico representatives upon which he and Lee relied in filing the second case in Nueces County. Nothing in his account, however, suggests that Thabico representatives intentionally misrepresented the events that took place in or near

the Kiewit facility that caused them to refer to it as being in Nueces County, Texas. It is simply a matter that Lee and Fryar failed to independently verify in an admitted failure of the necessary diligence.

The additional evidence offered on the matter of sanctions does not change the Court's prior observation that Thabico willingly participated in the assertion and multiplication of meritless claims against Kiewit. However, the additional evidence provides a more comprehensive picture of the relationship between Thabico and its counsel. Consequently, the Court amends its prior determination of the sanctions award set out in its Order (D.E. 48). Pursuant to its inherent power and Rule 11, the Court awards sanctions in favor of Kiewit and against Thabico at 25% of the full fee ($85,174.78).

## CONCLUSION

For the reasons set out above, the Court GRANTS partial relief pursuant to Thabico's Motion for Allocation of Sanctions (D.E. 52). The Court AMENDS its Order (D.E. 48) to reduce the amount of sanctions against Thabico Company and AWARDS Kiewit Offshore Services, Ltd. sanctions against Thabico Company in the amount of $21,293.70. The Court further GRANTS Lee and Fryar's corrected motion to withdraw (D.E. 36).

ORDERED this 16th day of January, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE